Judge Robertson
delivered the opinion of the Court.
./ames Ealy, as surviving obligee, in a bond, executed to him, and Jonathan Forbis, by Thomas Meek, in consideration of land, covenanted to be conveyed to him, by them, having obtained a judgment on the bond, against the administrator of Meek, bn an execution, upon which judgment, there was a return of '•'■nulla bona" filed a bill in chancery, against the said administrator, and against the heirs of Meek, and the real and personal representatives of Forbis, alleging the foregoing facts, and pray; ing for a decree, to enforce the equitable lien, on the land sold to Meek, by himself and Forbis, —--- Ealy dying, “pendente lite," the suit was revived, in the name of his heirs. The court rendered a decree in favor of Ealy’s heirs, and directed the equitable *330 right of Meek’s heirs, to the land, to be subjected to the satisfaction of the judgment.
Vendor of land, covenanted to be sold, has lien on it for purchase money,
At law, creditor suing ad’mr, alone, on bond in •which heir is not expressly bound, is bar red after-wards, from sueing ad’inr. and heir • jointly.
‘Bill in chancery cannot be maintained, to subject chose, in action of heir, to the payment of a judgment vs. adm’r. without return of nulla bona on execution vs. heir.
This decree is just, and equitable. There can be no objection to its principle. An eqaitable lien, attached to the land, for the purchase money, and might have been enforced, without a judgment, against the administrators. Hence, “afortiori” after the judgment and return against the administrators, it was right to sue the heirs in chancery. And it was right to make the administrators, parties, because, the object of the bill, was to enforce a judgment, obtained against them, for a debt, for which the assets of the intestate were liable.
In a common law suit, the plaintiff may elect to sue the personal representatives, and heirs jointly, on a bond, in which the latter are not expressly bound; and on a bond, in which they are so bound, suit may be brought against either of them, alone, or against the personal representatives, or against all of them jointly.
In the first case, if the creditor elect to sue the administrator, or executor alone, he cannot afterwards bring a joint suit against him and the heir, on the bond, because the judgment against the administrator, would be a bar to another suit against him. on the same bond. But by an act of 1819, I. Digest, 652; it is provided, that after a judgment against the personal representative, and return, of no property, a separate suit, may be brought against the heirs. Hence, if this were a bill to subject a mere equitable right, or chose in action, of the heir, to the satisfaction of a judgment, against the administrator, it could not be sustained, unless a similar judgment and return, had been obtained against the heirs; for the act of assembly, -which allows such a proceeding, requires a previous judgment, and return of‘‘no property.” In a suit at law, the heirs, (having nothing but equitable estate, by descent, which would not be subject to execution, by operation of law,) might, by pleading “nothing by descent,” prevent «judgment; and whether, therefore, such a case, is unprovided for, by the act for subjecting certain equitable rights, to the satisfaction of judgment debts, it is not necessary here to decide.
Suit for »io-^’v^jU-^be nanje 0fa(pr, or ex’r., not of heir,
Triplett,! for plaintiffs; Green, for defendant.
This suit was not brought for such a purpose. It does not depend on this statute. It is a suit to enforce an equitable lien, and therefore, none of the doctrines and difficulties of the other class of cases, can apply to it.
But after Ealy’s death, it-was improper to revive, in the name of his heirs. The revivor should have been in the name of his personal representatives. The suit is for money, for which the personal repre-sentative, if there be any, has the sole and exclusive right to prosecute suit. Nothing appears in the record, which justified the revivor, in the name of the heirs.
Wherefore, for this irregularity alone, the decree must be reversed, and the cause remanded for pro-ceeedings, consistent with this opinion, setting aside the former order of revivor, and reviving, in the name of the executor or administrator, as the case may be, that the suit may be regularly, and effectually prepared, for a final decree.